ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Hellenic Air Force | ) | ASBCA No. 60802 |
| | ) | |
| Under Contract No. GR-D-QBM | ) | |

APPEARANCES FOR THE APPELLANT: Thomas M. Kollin, Esq.
Nathan D. Boone, Esq.
  The Kollin Firm, LLC
  Beavercreek, OH

APPEARANCES FOR THE GOVERNMENT: Jeffrey P. Hildebrant, Esq.
  Air Force Deputy Chief Trial Attorney
  Capt Justin D. Haselden, USAF
  Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss the appeal for lack of jurisdiction.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In December 1999, the Government of the United States (USG) and the Government of Greece entered into a Letter of Offer and Acceptance (LOA) for the USG to sell to the Government of Greece certain "defense articles"; that is, "KS-127 cameras and related equipment," for $23,369,732 (gov't mot., ex. 1). The LOA referred to the transaction as "GR-D-QBM" and was apparently a foreign military sale under the Arms Export Central Act (*id.*). On 31 July 2015, appellant, the Hellenic Air Force (HAF) sent to the USG's Director of the Defense Security Cooperation Agency (DSCA) a letter requesting reopening or reinstatement of GR-D-QBM (which the letter stated had been closed), including because, the letter stated, at least some of the cameras had latent defects (gov't mot., ex. 3 at 2, ¶¶ 4-5, at 4, ¶¶ 11-12).

On 24 May 2016, the Director of the DSCA responded to the HAF with a letter "regarding case GR-D-QBM" (gov't mot., ex. 4). The letter states that (1) the USG confirmed that the cameras "experienced performance problems in flight," (2) the camera supplier had provided the HAF over $2 million in compensation for "camera program shortcomings," and (3) the USG had "proceeded with contract termination" (*id.*). The letter concludes by stating that the USG "will not revisit or reopen this case for further investigation" (*id.*).

On 14 September 2016, the HAF filed this appeal, referring to "Contract No.: F42630-00-C-0163," and "Project Name: GR-D-QBM," and stating that it was appealing "the decision...denying its claim for reopening and/or reinstating the case under the referenced contract." On 14 October 2016, the HAF filed a complaint in which it invokes the Board's jurisdiction pursuant to the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, and requests that the "appeal be sustained and case GR-D-QBM be reopened and/or reinstated and any other just remedy this board may deem appropriate" (compl. at 4). On 11 October 2016, the government moved to dismiss the appeal for lack of jurisdiction.

## DECISION

It is the responsibility of the appellant to establish the Board's jurisdiction. *Black Tiger Co.,* ASBCA No. 59189, 16-1 BCA ¶ 36,423 at 177,569. The government contends that HAF failed to do so, as (1) the CDA does not apply to the LOA and (2) Federal Acquisition Regulation (FAR) 33.203(b)(1) precludes the Board from entertaining the appeal. FAR 33.203(b)(1) provides that FAR subpart 33.2, Disputes and Appeals, "does not apply to any contract with...[a] foreign government or agency of that government."

It is unnecessary as a matter of judicial economy that we address the issues of statutory jurisdiction raised by the government. *See, e.g., Minesen Co. v. McHugh,* 671 F.3d 1332, 1337 (Fed. Cir. 2012). HAF cannot prevail even if these matters were resolved in appellant's favor, as appellant failed to surmount an additional impediment that requires we dismiss this appeal for want of jurisdiction.

The only specific relief that HAF requests in its complaint is "that its appeal be sustained and case GR-D-QBM be reopened and/or reinstated." We regard that as a request for injunctive relief. *Cf. Lulus Ostrich Ranch,* ASBCA Nos. 59252, 59450, 14-1 BCA ¶ 35,769 at 175,000 (motion to stay contract termination was request for injunctive relief). The Board does not possess jurisdiction to entertain a matter that seeks only injunctive relief. *Rig Masters, Inc.,* ASBCA No. 52891, 01-2 BCA ¶ 31,468 at 155,379. Because we do not possess jurisdiction to order the government to reopen or reinstate either the LOA, or what the parties refer to by the identifier "GR-D-QBM," we dismiss the appeal for lack of jurisdiction.

2

## CONCLUSION

The appeal is dismissed.

Dated: 2 August 2017

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

DONALD E. KINNER
Administrative Judge
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60802, Appeal of Hellenic Air Force, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4